IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FREDERICK WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 24-955-CFC |
| | ) |
| TOLL BROTHERS BUILDERS, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

Frederick Williams, Bear, Delaware – *Pro se* Plaintiff

Anthony Nicholas Delcollo, Roopa Sabesan, and Alpa Bhatia, OFFIT KURMAN, P.A., Wilmington, Delaware – Counsel for Defendants Toll Brothers Builders, Hockessin Chase LP, Michael Brown, Michael Klein, Timothy Hoban, Toll Bros Inc, Alpa V. Bhatia, Esq., Angela Umaya

Jeffrey M. Weiner, JEFFREY M. WEINER, ESQ., Wilmington, Delaware – Counsel for William E. Ward, Esq. and William J. Rhodunda, Jr. Esq.

### MEMORANDUM OPINION

December 20, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

On August 20, 2024, Plaintiff Frederick Williams initiated this action, bringing claims related to his home mortgage loan against Defendants Toll Brothers Builders, Hockessin Chase LLP, Michael Brown, Michael Klein, Timothy Hoban, Toll Bros Inc, Alpa V. Bhatia, Esq., William E. Ward, Esq., Angela Umaya, and William J. Rhodunda, Jr. Esq. (D.I. 1). Plaintiff appears *pro se* and has paid the filing fee. (*See id.*) The Complaint is the operative pleading. (*Id.*)

Before the Court is the Motion to Dismiss (D.I. 7) filed by Defendants Toll Brothers, Hockessin Chase, Brown, Klein, Hoban, Toll Bros, Bhatia, and Umaya.[1] Plaintiff has responded with an Answering Brief in Opposition (D.I. 13), to which the moving Defendants have replied (D.I. 17). Also before the Court are Plaintiff's Motion to Amend Complaint (D.I. 4), Defendants Rhodunda and Ward's Motion to Dismiss or Stay (D.I. 6), Plaintiff's First, Second, and Third Motion for Default Judgment as to all Defendants (D.I. 9, 24, 27), and Plaintiff's First and Second Motion for Hearing (D.I. 23, 29).

---

[1] Collectively, these Defendants will be referred to as the moving Defendants.

1

I.  **BACKGROUND**

According to the Civil Cover Sheet, this case presents torts claims, arising from the Truth in Lending Act (TILA), involving a personal property dispute between parties that are citizens of the State of Delaware.[2]  (D.I. 1-1 at 1.)

The Complaint states that on November 11, 2011, in Bear, Delaware, unspecified Defendants committed the crimes of "mortgage fraud,[ ]faulty construction[,] and theft by deception in the amount of $179,247.72."  (D.I. 1 at 4.) According to the Complaint, Plaintiff was swindled by unspecified Defendants, and Plaintiff and his wife contracted Non-Hodgkin lymphoma from the presence of mold, the use of a cancer-causing synthetic acrylic stucco, and faulty construction inside their home, for which the Complaint specifically faults Defendant Toll Brothers.  (*Id.* at 4-5.)  Plaintiff seeks relief in the form of $50 billion.  (*Id.* at 5.)

In support of the Complaint, Plaintiff has submitted a twenty-seven-page signed statement.  (*Id.* at 7-33.)  The statement includes an array of claims and allegations, some of which are difficult to discern with precision, but all of which arise from or relate back to Plaintiff receiving a mortgage and purchasing a home with alleged defects in 2011.  (*Id.*)  The statement alleges violations of TILA, the Fair Housing Act (FHA), the Equal Credit Opportunity Act (ECOA), and the Real

---

[2] The Complaint indicates that the address of Defendant Toll Brothers is in Pennsylvania.  (D.I. 1 at 2).

2

Estate Settlement Procedures Acts of 1974 (RESPA) by Defendant Toll Brothers and possibly others. (*Id.* at 17, 18.)

According to the statement, the following events involving named Defendants took place during three-year period that directly preceded the filing of the Complaint. First, Plaintiff received a business card from Defendant Klein on June 17, 2022; the statement does not appear to indicate that any other interaction or event involving Defendant Klein occurred on or around this date. (*Id.* at 23.)

Second, on or about August 14, 2023, Plaintiff received a voice message from an anonymous caller, threatening home foreclosure and stating that Plaintiff and his wife should die of cancer for messing with Defendant Toll Brothers. (*Id.* at 22.) Plaintiff could not identify the caller, but Plaintiff suspected Defendant Bhatia's involvement because he was the only non-court-affiliated person who was present in court earlier that day when Plaintiff disclosed that he had a lump in his chest, which he suspected was Non-Hodgkin lymphoma. (*Id.*)

Third, it appears that at some point during this period, Plaintiff may have requested Defendant Umaya's 2020, 2021, and 2022 tax returns and pay stubs, and Plaintiff may have communicated with Defendants Brown and Rhodunda regarding a related form that Plaintiff could obtain from Defendant Hockessin Chase and a website pertaining to warranty service. (*Id.* at 15.)

3

## II.   LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal

theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Upon review of the Complaint, and with the benefit of adversarial briefing, the Court concludes that the Complaint fails to state a claim upon which relief can be granted. Accordingly, Federal Rule of Civil Procedure 12(b)(6) warrants dismissal of this action.

First, dismissal is warranted, and amendment is futile, for any claim alleged against any Defendant that is based on a criminal law not conferring a private right of action. Private parties, such as Plaintiff, have no right to enforce criminal statutes. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (per curiam); *see also United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996).

Second, the ECOA, FHA, RESPA, and TILA claims, as presently stated, do not amount to more than legal conclusions and bald assertions. (*Id.* at 17, 18.) The Court cannot reasonably infer from the facts alleged in the Complaint and Plaintiff's supporting statement that timely and substantively plausible claims have been asserted against named Defendants in violation of provisions of these Acts. As such, Rule 12(b)(6) requires dismissal of these claims. *See Iqbal*, 556 U.S. at 679.

Third, as the moving Defendants assert, any remaining claims for breach of contract, negligence, or fraud based on the facts alleged appear time-barred, as the pertinent statute of limitations is three years. (D.I. 7 at 7 (citing *Silverstein v. Fischer*, No. 2016 WL 3020858, at *4 (Del. Super. Ct. May 18, 2016); *see also* 10 Del. C. § 8106(a).) The Court agrees with the moving Defendants that tolling does not appear to apply because Plaintiff alleges awareness of the facts giving rise to this cause of action in 2017, if not before. (*See* D.I. 7 at 7; *Silverstein*, No. 2016 WL 3020858, at *6-7.) Additionally, the Court notes that the scant factual allegations that appeared to have occurred within the three years prior to the filing of the Complaint fail to state a substantively plausible claim against any named Defendant. (D.I. 1 at 15, 22, 23.)

Finally, without a clear and concise statement regarding who specifically is alleged to have done what, when, and to what end, the Court finds that much of the

6

Complaint and supporting statement does not meet the applicable notice of pleading standard. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 488 (D. Del. 2021) (explaining that, to satisfy Rule 8(a)(2), a complaint must state "enough facts to render it plausible that each defendant individually has performed at least one type of" wrongful act rendering that defendant liable for the violations alleged against him or her); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

In an abundance of caution, Plaintiff will be given an opportunity to file an Amended Complaint remedying the deficiencies discussed above. If Plaintiff chooses to file an Amended Complaint, it will wholly replace the Complaint (D.I. 1) and Plaintiff may not add any new claims; Plaintiff may only amend the allegations in the Complaint to remedy the above-discussed deficiencies. Plaintiff should be advised that filing an Amended Complaint that fails to remedy the above-discussed deficiencies will likely result in dismissal with prejudice. Alternatively, if Plaintiff chooses not to timely file an Amended Complaint, and instead takes no further action, the Complaint will be dismissed without prejudice and this case will be closed.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant the moving Defendants' Motion to Dismiss (D.I. 7) and give Plaintiff an opportunity to amend the Complaint (D.I. 1) as set forth above. Plaintiff's Motion to Amend Complaint (D.I. 4) to add Defendant Rhodunda to this matter will also be granted. Plaintiff's Motions for Default Judgment (D.I. 9, 24, 27) will be denied, and Plaintiff will be permitted a brief extension of time to perfect service of process on Defendants. Accordingly, Defendants Rhodunda and Ward's Motion to Dismiss or Stay (D.I. 6) is now moot, and Defendants Rhodunda and Ward may reassert their arguments later in this proceeding, should those arguments remain relevant. Likewise, Plaintiff's Motions for Hearing (D.I. 23, 29) are now moot, as the Order the Court will issue consistent with this Memorandum Opinion resolves all motions currently pending before the Court in this action.